**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| BRIAN SLATON,<br><br>*Plaintiff,*<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br><br>*Defendants.* | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-6384 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Brian Slaton ______________________________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: ______________________________, as ______________________________ of the estate of ______________________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): ______________________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: ______________________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

✓ Novo Nordisk Inc.

✓ Novo Nordisk A/S

__________ Eli Lilly and Company

__________ Lilly USA, LLC

__________ other(s) (identify):

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

**Oklahoma City, OK**

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

**Oklahoma**

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

**Oklahoma**

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

**Oklahoma City, Oklahoma**

10. Jurisdiction is based on:

___✓_ diversity of citizenship pursuant to 28 U.S.C. § 1332

______ other (plead in sufficient detail as required by applicable rules):

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

**United States District Court for the Western District of Oklahoma.**

12. Venue is proper in the District Court identified in Paragraph 11 because:

___✓___ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there;

_______ other (plead in sufficient detail as required by applicable rules):

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

**Defendant Novo Nordisk Inc. is a Delaware corporation with a principal place of business at 800 Scudders Mill Rd., Plainsboro, NJ. Defendant Novo Nordisk A/S is a public limited liability company organized under the laws of Denmark with a principal place of business in Bagsvaerd, Denmark**.

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

✓ Ozempic (semaglutide)

__________ Wegovy (semaglutide)

__________ Rybelsus (oral semaglutide)

__________ Saxenda (liraglutide)

__________ Trulicity (dulaglutide)

__________ Mounjaro (tirzepatide)

__________ Zepbound (tirzepatide)

__________ other(s) (identify):

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

**Plaintiff used Ozempic from approximately August 2024 through November 2024**.

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

✓ Gastroparesis

___ Other gastro-intestinal injuries (specify):

___ Ileus

___ Ischemic Bowel/Ischemic Colitis

___ Intestinal Obstruction

___ Necrotizing Pancreatitis

✓ Gallbladder Injury (specify): **Chronic cholecystitis/Cholecystectomy**

___ Micronutrient Deficiency

___ Wernicke's encephalopathy

___ Aspiration

___ Death

___ Additional/Other(s) (specify):

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

**Shortly after starting Ozempic, Plaintiff began experiencing symptoms of gastroparesis, which have continued to the present. Plaintiff underwent a cholecystectomy in September 2025 and was subsequently diagnosed with gastroparesis in December 2025.**

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

✓ ________ Injury to self

__________ Injury to person represented

✓ ________ Economic loss

__________ Wrongful death

__________ Survivorship

__________ Loss of services

__________ Loss of consortium

__________ other(s) (specify):

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| ✓ | Court I: | Failure to Warn – Negligence |
| ✓ | Count II: | Failure to Warn – Strict Liability |
| ✓ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| ✓ | Count IV: | Breach of Implied Warranty |
| ✓ | Count V: | Fraudulent Concealment/Fraud by Omission |
| ✓ | Count VI: | Fraudulent/Intentional Misrepresentation |
| ✓ | Count VII: | Negligent Misrepresentation/Marketing |
| ✓ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| ✓ | Count IX: | Innocent Misrepresentation/Marketing |
| ✓ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| ✓ | Count XI: | Negligence |
| ✓ | Count XII: | Negligent Undertaking |
| ______ | Count XIII: | State Product Liability Act (see below) |
| ______ | Count XIV: | Wrongful Death |
| ______ | Count XV: | Loss of Consortium |
| ______ | Count XVI: | Survival Action |
| ______ | Other(s) | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

**Counts V, VI, VII, VIII, IX and X: see Attachments A, B and C.**

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

**Oklahoma Consumer Protection Act ("OCPA"), 15 O.S. §§ 752(13), 752(14), 753(5), 753(20), and 761.1(A)–(B).**

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

**See Attachment C, which is incorporated herein by reference.**

**** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

**N/A**

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

**N/A**

c. Identify the factual allegations supporting those claims:

**N/A**

**** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? **None required.** If so, attach such notice.

**RELIEF**

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: 08/27/2026

By: */s/ Edward B. Mulligan V*

Edward B. Mulligan V, IN Attorney #29400-53
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Phone: (317) 636-6481
*nmulligan@cohenmalad.com*

# ATTACHMENT A

**ATTACHMENT A**

**FRAUDULENT CONCEALMENT/FRAUD BY OMISSION SUPPLEMENT**

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 721-779 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. As alleged in the Master Complaint, at all relevant times, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed GLP-1 RA Products, which were used by Plaintiff.

4. As alleged in the Master Complaint, Defendants knew or should have known that their GLP-1 RA Products were unreasonably dangerous because of the increased risk of gastroparesis; gastroparesis requiring hospitalization or emergency care; refractory gastroparesis potentially leading to debilitating secondary conditions such as Wernicke's encephalopathy; gastroenteritis; micronutrient deficiencies, including but not limited to deficiencies of vitamin C, D, thiamine or B12; hypovitaminosis; cyclical vomiting; bowel/intestinal obstruction/blockage; ileus; gallbladder conditions necessitating surgery; esophageal injury; bowel injury; intraoperative aspiration; acute necrotizing pancreatitis; ischemic bowel; muscle wasting; dehydration and their sequelae, especially when the drug was used in the form and manner as provided by Defendants.

5. As described in the Master Complaint, Defendants knew or should have known that their GLP-1 RA Products had gastrointestinal adverse effects that were of serious severity, intensity, frequency and duration. Defendants omitted and failed to disclose the true nature of these adverse events and affirmatively misrepresented their significance.

6. As alleged in the Master Complaint, Defendants' extensive multifaceted advertising, marketing and promotion of GLP-1 RAs consistently highlighted and overstated the weight loss benefits of taking a GLP-1 RA Product while omitting and concealing other information that would be material to any Plaintiff weighing the risks and benefits of taking a GLP-1 RA Product.

7. Plaintiff saw television advertisements for Defendants' products in or about June 2023.

8. As alleged in the Master Complaint, Defendants' omissions and concealment of material facts were made purposefully, willfully, wantonly, and/or recklessly in order to mislead and induce medical and healthcare providers, such as Plaintiff's prescribing physicians, and patients, such as Plaintiff, to dispense, provide, prescribe, accept, purchase, and/or consume GLP-1 RA Products.

9. Plaintiff relied to his detriment on Defendants' misrepresentations and omissions concerning the GLP-1 RA Products, including representations regarding their effect on weight-loss and diabetes treatment, as contained in Defendants' marketing materials and advertisements, including, but not limited to, in Defendants' television advertisements.

10. Plaintiff relied on Defendants' advertisements to give him the impression that Defendants' GLP-1 RA Products would benefit his diabetes treatment and his weight.

11. Plaintiff was not adequately warned of the increased risks of adverse health effects associated with taking Defendants' GLP-1 RA Products.

12. Plaintiff was not adequately warned that Defendants' GLP-1 RA Products had not been sufficiently and/or adequately tested for safety risks, as alleged in the Master Complaint.

13. Defendants' fraudulent concealments were a substantial factor in causing Plaintiff's injuries.

14. As a direct and proximate result of Defendants' fraudulent concealment and omissions, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

# ATTACHMENT B

## ATTACHMENT B

## FRAUDULENT / INTENTIONAL MISREPRESENTATION SUPPLEMENT

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 780-800 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. As alleged in the Master Complaint, at all relevant times, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed GLP-1 RA Products, which were used by Plaintiff.

4. As alleged in the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products had gastrointestinal adverse effects that were of serious severity, intensity, frequency and duration.

5. As alleged in the Master Complaint, in the labels, advertising, promotion, and marketing, Defendants intentionally misstated and downplayed the nature, severity, and intensity of gastrointestinal adverse events resulting from the use of GLP-1 RA Products.

6. Plaintiff saw television advertisements for Defendants' products in or about June 2023.

7. Plaintiff relied to his detriment on Defendants' misrepresentations concerning the GLP-1 RA Products, including representations regarding their effect on weight-loss and diabetes treatment, as contained in Defendants' marketing materials and advertisements, including, but not limited to, in Defendants' television advertisements.

8. Plaintiff relied on Defendants' advertisements to give him the impression that Defendants' GLP-1 RA Products would benefit his diabetes treatment and his weight.

9. Plaintiff was not adequately warned of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

10. Plaintiff was not adequately warned that Defendants' GLP-1 RA Products had not been sufficiently and/or adequately tested for safety risks, as alleged in the Master Complaint.

11. Defendants' fraudulent statements were a substantial factor in causing Plaintiff's injuries.

12. As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

# ATTACHMENT C

## ATTACHMENT C

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-865 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. Plaintiff brings this claim under the statute and relevant subsections identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4. The Oklahoma Consumer Protection Act ("OCPA" or the "Statute") prohibits certain deceptive and unlawful practices in the course of a person's business, including false or misleading representations concerning the characteristics, uses, or benefits of the subject of a consumer transaction, as well as unfair or deceptive trade practices. 15 O.S. §§ 752(13), 752(14), 753(5), 753(20).

5. Plaintiff and/or Defendants are "persons" under the Statute.

6. Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7. Defendants are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8. Defendants designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also

separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

9. Defendants marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in Oklahoma. In addition, Defendants sold the GLP-1 RA Products to residents of Oklahoma; shipped GLP-1 RA Products to Oklahoma; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in Oklahoma. Defendants' misconduct described herein significantly affected Oklahoma consumers.

10. As alleged in the Master Complaint, Defendants engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

a. Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

b. Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

c. Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11. As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendants knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users.

Despite this knowledge, Defendants continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendants claimed. Despite espousing significant weight-loss benefits, Defendants knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendants continued to mislead consumers by overstating the products' weight-loss benefits.

13. The information referenced above that Defendants misrepresented, concealed and did not disclose was material. A reasonable person, including Plaintiff, would find such information concerning health and well-being, including the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products. The information was material because, had Plaintiff known the true nature and extent of the risks and limitations of the GLP-1 RA Products, that information would have affected his decision whether to purchase and use the products.

14. Defendants intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15. Defendants violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16. Defendants violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17. Plaintiff relied to his detriment on Defendants' misrepresentations and omissions about the GLP-1 RA Products, weight-loss, and diabetes contained in Defendants' marketing materials and/or advertisements in deciding to purchase and use GLP-1 RA Products, including but not limited to Defendants' television advertisements.

18. Plaintiff relied on Defendants' advertisements to give him the impression that Defendants' GLP-1 RA Products would benefit his diabetes treatment and his weight.

19. Plaintiff was not adequately warned of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

20. Plaintiff was not adequately warned that Defendants' GLP-1 RA Products had not been sufficiently and/or adequately tested for safety risks as alleged in the Master Complaint.

21. Defendants knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels,

advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

22. By consistently and pervasively understating the risks and overstating the benefits of the GLP-1 RA Products, Defendants engaged in unfair, deceptive, misleading, fraudulent, and/or unconscionable acts and practices in violation of the OCPA, including by: (a) representing that the GLP-1 RA Products had characteristics, uses, or benefits that they did not have or that were materially different from those represented; (b) misrepresenting or overstating the safety and efficacy of the GLP-1 RA Products; and (c) concealing, suppressing, and omitting material information concerning the known risks and limitations of the GLP-1 RA Products with the intent that consumers, including Plaintiff, rely upon Defendants' representations and omissions in deciding whether to purchase and use the products.

23. In violation of the Statute, Defendants' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of GLP-1 RA Products, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

24. Defendants' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

25. Plaintiff justifiably relied on Defendants' misrepresentations and omissions and if Plaintiff had known the information that Defendants withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

26. As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendants' misrepresentations and omissions. Defendants expected or should have expected reasonable consumers to rely on these misrepresentations and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

27. Plaintiff at all times acted as a reasonable consumer in relying upon Defendants' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by his health care provider.

28. The actions and omissions of Defendants are uncured or incurable.

29. As alleged above, Defendants had actual knowledge of the material safety risks and limitations of the GLP-1 RA Products and failed to adequately disclose, correct, or otherwise cure the material misrepresentations and omissions concerning those risks and limitations.

30. As a direct and proximate result of Defendants' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

31. Accordingly, pursuant to 15 O.S. § 761.1(A)–(B), Plaintiff seeks actual damages, costs of litigation, reasonable attorneys' fees, applicable civil penalties for unconscionable conduct, equitable relief as appropriate, and all other relief as the Court deems proper.

32. To the extent that any pre-suit notice was required, Plaintiff has complied or substantially complied with all applicable notice requirements or is otherwise excused from compliance. Defendants have had notice of the alleged violations for years, including through

lawsuits dating back to 2023. Nevertheless, Defendants failed to acknowledge and cure the violations alleged herein in a manner that would compensate Plaintiff for the losses he suffered as a result of the alleged misconduct. Accordingly, any additional notice would be futile.